IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT LEE SANDERS                                          PETITIONER

vs.                    Civil Case No. 5:07CV00002 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Robert Lee Sanders, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 12, 2004, Petitioner entered a plea of guilty to one count of domestic battery and pleas of nolo contendere to rape and eight counts of first degree sexual assault.

He states he is serving a fifteen year sentence, but Respondent states he is serving an aggregate term of ten years.[1]

In Arkansas, a defendant who pleads guilty or nolo contendere is not entitled to a direct appeal.  Ark. R. App. P.-Crim. 1(a).  On October 5, 2004, Petitioner filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, which the trial court denied on January 13, 2005 (see Petitioner's attachments to Petition, Exhibits 6 & 8).  The Arkansas Supreme Court affirmed on February 16, 2006 (Respondent's Exhibit A).  Petitioner filed a state habeas corpus petition, which the state court denied on September 11, 2006.  He did not appeal that order.

In the present proceeding, Petitioner raises the following grounds for relief:

1.  Counsel was ineffective in that he

    A.  did not file a timely motion for a bill of particulars;

    B.  did not inform Petitioner of the charges against him and the effect of his guilty plea;

    C.  did not move to sever "sexual cases" from the domestic battering case;

2.  State authorities interfered with the filing of his Rule 37 petition and caused it to be untimely; and

3.  Petitioner's plea was not knowing and voluntary or intelligently made because he was under the influence of numerous psychotropic medications and narcotics.

---

[1]  There is no need to resolve this discrepancy in this proceeding.

3

Respondent admits Petitioner is in his custody pursuant to these convictions and that, for the purpose of these proceedings, he no longer has any non-futile state remedies available.   He denies Petitioner is entitled to relief and contends the petition should be dismissed as procedurally barred.

I.

In its decision affirming the denial of post-conviction relief, the Arkansas Supreme Court held that Petitioner could not prevail on appeal because his petition was not timely filed in the trial court under Ark. R. Crim. P. 37.2(c), which required him to file his petition within ninety days of the date of the entry of judgment by the trial court.

> Appellant filed his petition for Rule 37.1 relief 105 days after the date of judgment, making appellant's petition untimely.   The time limitations imposed in Criminal Procedure Rule 37.2(c) are jurisdictional in nature, and a circuit court cannot grant relief on an untimely petition.

Respondent's Exhibit A, p. 2 (DE #11).

Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court.   Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996).   The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, Gilmore v. Armontrout, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), cert. denied,

4

490 U.S. 1114 (1989), and presenting them in a procedurally correct manner.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  Petitioner procedurally defaulted his claims when he did not file a timely Rule 37 motion.  See Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997, cert. denied, 523 U.S. 1010 (1998); Interiano v. Dormire, 471 F.3d 854, 856 (8th Cir. 2006) (claims not raised in post-conviction proceedings, including appeal, are defaulted); Osborne v. Purkett, 411 F.3d 911, 919-20 (8th Cir. 2005) (finding no cause to excuse the procedural default of a claim of ineffective assistance of trial counsel where the claim was presented in the petitioner's post-conviction motion but was not pursued on appeal).  He did not cure the default by raising his claims in the state habeas corpus petition, because the trial court held as follows:

> To succeed on a petition for writ of habeas corpus, Petitioner must show that the Judgment and commitment Order is invalid on its face or that the trial court lacked jurisdiction.  The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe he is illegally detained.
>
> The allegations raised by Petitioner do not demonstrate that the trial court lacked jurisdiction or that the commitment is invalid on its face.  The trial court had personal jurisdiction over Petitioner and jurisdiction over the subject matter thus, had the authority to render the judgment.

Respondent's Exhibit A, p. 1 (DE # 31)(citations omitted).  In addition, the Arkansas Supreme Court has held that a state petition for a writ of habeas corpus is not a substitute for a petition for post-conviction relief under Rule 37.  Rickenbacker v. Norris, 361

Ark. 291, 291-92 (2005).  Thus, Petitioner did not "fairly present" his claims in those proceedings.

Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, in this case Arkansas' time limitation on filing a Rule 37 petition, federal habeas review is barred unless the petitioner establishes cause for the default and resulting prejudice.  Coleman v. Thompson, 501 U.S. 722, 729-31, 749-50 (1991).  In order to establish cause, a petitioner must show "some objective factor external to the defense impeded ... efforts to comply with a State's procedural rule," such as "a showing that the factual or legal basis for the claim was not reasonably available," or that "interference by officials made compliance impracticable."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  If the petitioner is unable to satisfy the cause and prejudice requirement, the court may still consider the claim if he establishes that a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice."  Id. at 495.


II.

Petitioner's only assertion of cause is his allegation in ground two of the petition that state authorities interfered with the filing of his post-conviction motion and caused it to be

6

untimely.  Such an allegation may not, in and of itself, form a basis for habeas corpus relief, because an "'infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.' Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir.)(quoting Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990)), cert. denied, 513 U.S. 983 (1994)." Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997).  Thus, ground two will be dismissed as a free-standing claim.

The court must consider, however, whether the allegation is sufficient to establish cause for the procedural default. Petitioner contends the deadline for filing his Rule 37 petition was October 10, 2004, and that he sent a copy of the petition by certified mail to the circuit clerk on October 8, 2004.  He further states the clerk did not sign for it until October 18, 2004, and did not file mark it until October 25, 2004 (Petitioner's Amended Reply, p.2 (DE #23)).

He argues documents are considered filed when they are placed in the prison mail system.  As the Arkansas Supreme Court noted, however, it has declined to adopt the "mailbox rule," and it considers an item tendered to the court the date it is received by the Clerk.  See Respondent's Exhibit A, p. 2 (DE # 11).  Petitioner merely disagrees with the state court's determination that his petition was untimely.  Federal courts do not sit to review such questions.  Murray v. Hvass, 269 F.3d 896, 898 (8th Cir. 2001),

7

cert. denied, 535 U.S. 935 (2002)("[I]t is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law."); Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir.2004), citing Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir.1997), cert. denied, Sweet v. Bowersox, 523 U.S. 1010 (1998)("Federal courts should not consider whether the state court properly applied its default rule to the claim; federal courts do not sit to correct a state court's application of its procedural rules..., except in unusual circumstances."). Petitioner has not alleged any unusual circumstances in this case that would cause this court to review the state court's determination. It appears to the court his placing the petition in the mail only two days before the deadline was the cause of the untimeliness of the petition, not any interference by state officials.

III.

Petitioner also contends he is actually innocent of the sexual assault charges because the statute, A.C.A. § 5-14-124, requires that the victim be less than eighteen years old and not be the actor's spouse, and that he was married to the victim and she was twenty years old. The assertion that a petitioner's actual innocence overcomes his procedural default "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether   it   be   exculpatory   scientific   evidence,

8

trustworthy eyewitness accounts, or critical physical evidence--
that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324
(1995), which shows a "constitutional violation has probably
resulted in the conviction of one who is actually innocent." Id.
at 327.

Petitioner has offered no new evidence in support of his
claim.  The United States Supreme Court has held that "'actual
innocence' means factual innocence, not mere legal insufficiency,"
and that, at an evidentiary hearing on a claim of actual innocence
the "Government is not limited to the existing record to rebut any
showing that petitioner might make," and may

> present any admissible evidence of petitioner's guilt
> even if that evidence was not presented during
> petitioner's plea colloquy and would not normally have
> been offered ....  In cases where the Government has
> forgone more serious charges in the course of plea
> bargaining, petitioner's showing of actual innocence must
> also extend to those charges.

Bousley v. U.S., 523 U.S. 614, 623-24 (1998).

Documents filed by Petitioner on April 5, 2007, (DE # 22)
include a copy of the transcript of his plea hearing on July 12,
2004.  Defense counsel stated Petitioner was charged with nine
counts of rape, and each carried a potential penalty of from ten to
forty years or life imprisonment, and that he was pleading no
contest to one count and the rest of the counts were being reduced
to sexual assault in the first degree, to which Petitioner was also
pleading no contest.  Petitioner has presented no new evidence to

show he is actually innocent of the rape charges, on which the State would be allowed to present evidence at an evidentiary hearing before this court.  Thus, I find he has not sufficiently alleged actual innocence as contemplated by the Court in <u>Schlup</u> or <u>Bousley</u>, and he has not shown he is entitled to the gateway exception.  I find Petitioner's claims are procedurally barred and this court may not consider them.  I further find that all pending motions by Petitioner should be denied.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.  All pending motions by Petitioner are denied.

SO ORDERED this 12th day of June, 2007.


_____
United States Magistrate Judge